# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEGALZOOM.COM, INC., <br><br>  Plaintiff, <br>  v. <br> MACEY BANKRUPTCY LAW, P.C., MACEY BANKRUPTCY LAW HOLDING, P.C., JACOBY & MEYERS–BANKRUPTCY, LLP, and DOES 1–10, inclusive, <br><br>  Defendants. | Case No. 2:13-cv-8620-ODW(MRWx) <br><br> **ORDER TO SHOW CAUSE RE SUBJECT-MATTER JURISDICTION** |

The Court issues this order to show cause because it has serious concerns about whether there is federal subject-matter jurisdiction over this action in light of the procedural history of this dispute.

On November 21, 2013, Plaintiff LegalZoom.com, Inc. ("LegalZoom") filed a Complaint that alleges federal subject-matter jurisdiction based on diversity of citizenship under 28 U.S.C. § 1332. (ECF No. 1.) But this Complaint is not the beginning of the story. The very same action, under a different case number, was dismissed by this Court for lack of subject-matter jurisdiction last month. (Case No. 12-cv-07894.) In dismissing the case, the Court explained that LegalZoom failed to adequately allege complete diversity of citizenship with respect to all of the

partners and members of the various business entities named as defendants. (*Id.* at ECF No. 15.)  The case was dismissed *without prejudice*, so LegalZoom was free to file an amended complaint that adequately alleged subject matter jurisdiction. Nevertheless, LegalZoom chose a different route.  Instead of filing an amended complaint under the original case number, LegalZoom filed a new case.  There was no timely Notice of Related Cases, but thankfully the Court recognized the connection, and the new case was transferred from the originally assigned judge and returned to this Court as required.  *See* L.R. 83-1.2.2; L.R. 83-1.3.1.  Only after the case was transferred did LegalZoom file the required Notice of Related Cases.  (ECF No. 16.) The Court chooses to believe that LegalZoom's actions were not an attempt at judge shopping, trying to slip the case past a different judge despite the lack of complete diversity.  Instead, the Court interprets LegalZoom's actions as a simple mistake.

As for the new Complaint, the Court is not yet satisfied that complete diversity has been alleged.  In particular, the Court seeks clarification regarding Legal Helpers Debt Resolution LLC ("Legal Helpers").  In the previous case, Legal Helpers was a defendant but was voluntarily dismissed by LegalZoom when the Court began its jurisdiction inquiry.  Now, the Complaint contains allegations regarding the actions of Legal Helpers, but Legal Helpers is not named as a defendant.  Instead, LegalZoom merely alleges that Defendant Jacoby & Myers-Bankruptcy LLP is "doing business as" Legal Helpers.  If LegalZoom has claims against Legal Helpers and is seeking relief from Legal Helpers in this action, then LegalZoom must properly name Legal Helpers as a defendant and allege its citizenship.[1]  LegalZoom cannot sneak into federal court by slipping the rather meaningless phrase "doing business as" into the Complaint.

The Court hereby **ORDERS** Legal Zoom to **SHOW CAUSE** in writing **no later than Friday, December 13, 2013**, why this case should not be dismissed for

---

[1] A limited liability company's citizenship is determined by the citizenship of each of the entity's members. *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).

lack of subject-matter jurisdiction. A hearing will not be held, and no appearances are necessary. This Order to Show Cause will be satisfied upon a showing that complete diversity of citizenship exists between LegalZoom and all the defendants in this action.

**IT IS SO ORDERED.**

December 6, 2013

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**