**O**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEGALZOOM.COM, INC., <br><br> Plaintiff, <br> v. <br><br> MACEY BANKRUPTCY LAW, P.C.; MACEY BANKRUPTCY LAW HOLDINGS, P.C.; JACOBY & MEYERS BANKRUPTCY, LLP; and DOES 1–10 inclusive, <br><br> Defendants. | Case No. 2:13-cv-8620-ODW (MRWx) <br><br> **ORDER OVERRULING DEFENDANT MACEY BANKRUPTCY LAW P.C.'S OBJECTIONS TO DECEMBER 18, 2013 RULING OF THE MAGISTRATE [45]** |

## I. INTRODUCTION

Before the Court is Defendant Macey Bankruptcy Law, P.C.'s ("MBL") Objections to the December 18, 2013 Ruling of the Magistrate. (ECF No. 45.) MBL is objecting to the Magistrate Judge's order granting a writ of attachment against MBL in the amount of $1,104,215.617. (ECF No. 43.) For the reasons discussed below, the Court **OVERRULES** MBL's objections and finds no reason to vacate, set aside, or modify the Magistrate Judge's ruling in this matter.

## II. FACTUAL BACKGROUND

This case involves a contractual dispute between Plaintiff LegalZoom.com, Inc. ("LegalZoom") and Defendants. LegalZoom operates a website that, among other things, allows users to locate attorneys in their area. (ECF No. 1.) LegalZoom alleges that it entered into a contract with MBL to provide MBL with bankruptcy related

leads. (*Id.*) The other Defendants in this action are allegedly related to MBL in some capacity, as either alter egos or successors in interest. (*Id.*)

On November 26, 2013, LegalZoom filed an *ex parte* application for a right to attach order against Defendants MBL and Jacoby & Meyers Bankruptcy, LLP. (ECF No. 9.) Under General Order 05-07, applications for certain provisional remedies including writs of attachment shall be referred to the Magistrate Judges. The Magistrate Judge assigned to this action held a lengthy hearing on the *ex parte* application on December 4, 2013, and denied the application for a right to attach order finding that the burden for *ex parte* relief had not been met. (ECF No. 23.) Instead, the Magistrate Judge set a noticed hearing on the matter.

On December 18, 2013, after a full hearing, the Magistrate Judge issued a right to attach order against MBL in the amount of $1,104,215.617 and required LegalZoom to post a $10,000 undertaking. (ECF No. 43.) The Magistrate Judge denied LegalZoom's request for a right to attach order against Jacoby & Meyers based on insufficient evidence. (*Id.*) However, the Magistrate Judge granted LegalZoom's request to conduct limited discovery on the corporate relationship between MBL and Jacoby & Meyers. (*Id.*)

MBL filed the Objections presently before the Court, along with a Motion to Stay Execution of the Writ, on December 19, 2013. (ECF Nos. 44, 45.) This Court denied the Motion to Stay, but determined that consideration of the Objections should be expedited. (ECF No. 48.) Accordingly, the Court ordered LegalZoom to file an opposition, if any, no later than December 27, 2013. LegalZoom filed an opposition to the Objections on December 26, 2013. (ECF No. 53.)

### III.  LEGAL STANDARD

A party may object to a non-dispositive pretrial order of a United States Magistrate Judge within fourteen days after service of the order. Fed. R. Civ. P. 72(a). Moreover, the Central District of California's Local Rules state that a motion for review of a Magistrate Judge's ruling must "designat[e] the specific portions of the

ruling objected to and stat[e] the grounds for the objection." L.R. 72-2.1. A Magistrate Judge's decision will be upheld unless it was "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). The clearly erroneous standard applies to findings of fact and is "significantly deferential, requiring a 'definite and firm conviction that a mistake has been committed.'" *Concret Pipe & Prods. v. Constr. Laborers Pension Trust*, 508 U.S. 602, 623 (1993); *see also Security Farms v. Int'l Brotherhood of Teamsters*, 124 F.3d 999, 1014 (9th Cir. 1997). The "contrary to law" standard applies to the magistrate judge's legal conclusions, which are reviewed de novo. *See e.g. Crispin v. Christian Audigier, Inc.*, 717 F. Supp. 2d 965, 971 (C.D. Cal. 2010); *Wolpin v. Phillip Morris Inc.*, 189 F.R.D. 418, 420 (C.D. Cal. 1999).

## IV. DISCUSSION

MBL's objections to the Magistrate Judge's ruling are very general and for the most part appear to be based on the Magistrate Judge's factual findings. MBL's main objection is that LegalZoom failed to meet its burden in seeking a writ of attachment under California Code of Civil Procedure sections 483.010 and 484.090.

First, MBL argues that the Magistrate Judge's ruling was improper because LegalZoom did not present any new evidence at the December 18, 2013 hearing, and the Magistrate Judge initially denied the writ of attachment after the first hearing on December 4, 2013. The problem with MBL's argument is that the initial denial of the writ of attachment was based on LegalZoom's failure to satisfy the requirements for *ex parte* relief. The initial denial was not based on a lack of evidence to support the issuance of a writ of attachment in general. Accordingly, the Court finds no error with respect to the Magistrate Judge's consideration of the evidence.

Next, MBL contends that the Magistrate Judge gave no weight to MBL's Answer to the Complaint when considering MBL's opposition to the writ of attachment. However, the Magistrate Judge did look at the Answer and found that it contained only a "bare denial of the existence of a debt." (ECF No. 43.) Moreover,

1  MBL supplied no evidence beyond the Answer in opposition to the writ of
2  attachment. A defendant opposing the issuance of a right to attach order "shall state
3  the grounds on which the defendant opposes . . . accompanied by an affidavit
4  supporting any factual issues raised and points and authorities supporting any legal
5  issues raised." Cal. Code Civ. P. § 484.060. With nothing more than bare denials in
6  the Answer, the Magistrate Judge's finding that MBL's opposition was unsupported
7  by evidence was not clearly erroneous.

8  MBL's remaining arguments with respect to the issuance of the writ of
9  attachment all center on irreparable harm. MBL contends that since the Magistrate
10 Judge's ruling was not based on allegations that MBL was trying to hide or divert
11 assets, the litigation should proceed in a normal manner without a right to attach order
12 in place. In addition, MBL argues that a writ of attachment will cause MBL
13 irreparable harm because it will prevent MBL from conducting normal business
14 operations, including the payment of debts and expenses. Nevertheless, MBL
15 provides no new evidence and no legal support for this Court to vacate or modify the
16 Magistrate Judge's ruling on these grounds. The Magistrate Judge made factual
17 findings based on the same evidence before this Court, and the Court can find no
18 reason to disturb those findings here. Furthermore, the California attachment statute
19 has no irreparable harm requirement. The purpose of the writ of attachment here is
20 simply to secure LegalZoom as a creditor pending the outcome of the litigation. *See*
21 Cal. Code Civ. P. § 483.010.

22 MBL also argues that, if the Court does not vacate the right to attach order, it
23 should at least modify the order to allow MBL to make its payroll and continue
24 normal operations. MBL cites California Code of Civil Procedure section 486.060 in
25 support of its proposed modification. But section 486.060 is inapplicable to the right
26 to attach order issued here. Section 486.060 applies to temporary protective orders,
27 which under the California Code of Civil Procedure may be issued in lieu of a writ of
28 attachment. Cal. Code Civ. P. § 486.030. Here, the Magistrate issued a right to attach

order, not a temporary protective order.

Finally, MBL objects to the $10,000 bond that LegalZoom was ordered to post to execute the writ of attachment. MBL argues that the amount of the bond should have been higher to support the more than $1,000,000 attachment order. Under the California Code of Civil Procedure, $10,000 is the standard bond requirement unless "upon objection to the undertaking, the court determines the probable recovery for wrongful attachment exceeds the amount of the undertaking." Cal. Code Civ. P. § 489.220. MBL did not object to the amount of the bond at the December 18, 2013 hearing, and the Court finds MBL's objection to the amount of the bond now is untimely. Therefore, the Court finds the $10,000 undertaking proper.

## V. CONCLUSION

For the reasons discussed above, the Court **OVERRULES** Defendant Macey Bankruptcy Law P.C.'s Objections to the Magistrate Judge's Ruling. (ECF No. 45.)

**IT IS SO ORDERED.**

December 30, 2013

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**