O

# United States District Court
# Central District of California

| | |
|---|---|
| LEGALZOOM.COM, INC., | Case No. 2:13-cv-8620-ODW (MRWx) |
| Plaintiff, | |
| v. | **ORDER DENYING DEFENDANT** |
| MACEY BANKRUPTCY LAW, P.C.; | **MACEY BANKRUPTCY LAW** |
| MACEY BANKRUPTCY LAW | **HOLDING, P.C.'S RULE 12(b)(2)** |
| HOLDINGS, P.C.; JACOBY & MEYERS | **MOTION TO DISMISS [37]** |
| BANKRUPTCY, LLP; and DOES 1–10 | |
| inclusive, | |
| Defendants. | |

## I.   INTRODUCTION

Before the Court is Defendant Macey Bankruptcy Law Holdings, P.C.'s ("MBLH") Rule 12(b)(2) Motion to Dismiss for Lack of Personal Jurisdiction. (ECF No. 37.)  The underlying action is based in contract.  Plaintiff LegalZoom.com Inc. alleges that Defendants—including MBLH—failed to pay LegalZoom for the bankruptcy-case leads it provided under the contract.  For the reasons discussed below, the Court **DENIES** Defendant MBLH's Motion to Dismiss.[1]

---

[1] Having considered the papers filed in support of and in opposition to this Motion, the Court deems the matter appropriate for decision without oral argument.  Fed. R. Civ. P. 78; L.R. 7-15.

## II.   FACTUAL BACKGROUND

LegalZoom initiated this action on November 21, 2013, against Defendants Macey Bankruptcy Law, P.C. ("MBL"); Jacoby & Meyers Bankruptcy, LLP ("Jacoby"); and MBLH.  (ECF Nos. 1, 25.)  LegalZoom's claims are for breach of contract, open book account, and account stated.  All of the claims relate to a contract between MBL and LegalZoom under which LegalZoom provided leads in bankruptcy cases to MBL.  MBL is allegedly a wholly owned subsidiary of MBLH.  Jacoby allegedly entered the picture when MBL and Jacoby merged, with MBLH becoming a majority owner and managing partner in Jacoby.

MBL and Jacoby answered the Complaint on December 13, 2013.  (ECF Nos. 35, 36.)  On December 18, 2013, the Magistrate Judge assigned to this action granted LegalZoom's request for a writ of attachment against MBL, but denied issuing a writ against Jacoby without prejudice.  (ECF Nos. 42, 43.)  LegalZoom did not seek a writ of attachment against MBLH.

On December 13, 2013, MBLH filed the present Motion to Dismiss for Lack of Personal Jurisdiction.  (ECF No. 37.)  The Motion was fully briefed by the parties as of January 13, 2014.  (ECF No. 66.)  Subsequently, with the Court's permission, counsel for MBLH withdrew from his representation of MBLH and the other two Defendants.  (ECF No. 85.)  MBLH has not retained new counsel.  While business entities like MBLH cannot be unrepresented in federal court, the instant Motion was fully briefed while MBLH had counsel.  The Court finds that a ruling on the Motion's merits is appropriate and therefore took the matter under submission.

## III.   LEGAL STANDARD

A defendant may move to dismiss a case for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2).  The plaintiff bears the burden of demonstrating that jurisdiction exists.  *Love v. Assoc. Newspapers Ltd.*, 611 F.3d 601, 608 (9th Cir. 2010).  But when a district court acts on a defendant's motion to dismiss without holding an evidentiary hearing, the plaintiff must only make a prima facie

showing of jurisdictional facts to withstand the motion to dismiss.  *Unocal Corp.*, 348 F.3d at 922.  Moreover, the plaintiff's version of facts is taken as true and conflicts between the facts must be resolved in plaintiff's favor.  *Id.*

District courts have the power to exercise personal jurisdiction to the extent of the law of the state in which they sit.  Fed. R. Civ. P. 4(k)(1)(A); *Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316, 1320 (9th Cir. 1988).  California's long-arm jurisdictional statute is coextensive with federal due-process requirements.  Cal. Civ. Proc. Code § 410.10; *Roth v. Garcia Marquez*, 942 F.2d 617, 620 (9th Cir. 1991). The Due Process Clauses of the Fifth and Fourteenth Amendments require that a defendant "have certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Wash., Office of Unemployment Comp. & Placement*, 326 U.S. 310, 316 (1945).

Using the "minimum contacts" analysis, a court may obtain either general jurisdiction or specific jurisdiction over a non-resident defendant.  *Doe v. Unocal Corp.*, 248 F.3d 915, 923 (9th Cir. 2001).  A court has general jurisdiction when the defendant engages in "continuous and systematic general business contacts . . . that approximate physical presence in the forum state." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 801 (9th Cir. 2004) (internal quotations marks omitted). For specific jurisdiction, the Ninth Circuit has expounded a three-part test: (1) the defendant must purposefully avail himself of the benefits and protections of the forum state; (2) the claim must arise out of, or be related to, the defendant's forum-based activity; and (3) exercise of jurisdiction must comport with fair play and substantial justice.  *Schwarzenegger*, 374 F.3d at 802; *see also Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985).

## IV.   DISCUSSION

MBLH argues that the exercise of personal jurisdiction over MBLH is improper in this Court because MBLH has had absolutely no contact with California and the

1   other Defendants' contacts with California cannot be imputed to it.  (Mot. 5–6.)  In

2   contrast, LegalZoom contends that MBLH satisfies the "minimum contacts"

3   requirement for personal jurisdiction.  The parties agree that the Court does not have

4   general jurisdiction over MBLH, so the only issue to resolve is whether LegalZoom

5   has made a prima facie showing of specific jurisdiction over MBLH.

6   **A.   Purposeful Availment**

7       The first question to ask in assessing specific jurisdiction is whether MBLH has

8   purposefully availed itself of the benefits and protections of the forum state.

9   *Schwarzenegger*, 374 F.3d at 802.  There are three ways in which the Court could find

10  purposeful availment.  The Court could find that MBLH itself has had contact with

11  California, or the Court could find that either MBL or Jacoby's contacts should be

12  imputed to MBLH.  *See Harris Rutsky & Co. Ins. Services, Inc. v. Bell & Clements*

13  *Ltd.*, 328 F.3d 1122, 1134–35 (9th Cir. 2003).  The Court finds that MBLH has

14  directly availed itself of the benefits and protections of California, so the Court need

15  not reach the issue of whether MBL or Jacoby's contacts with California should be

16  imputed to MBLH.

17      MBLH's strongest argument is that it is a mere holding company and has no

18  operations other than to own a fifty percent share of Jacoby—a limited liability

19  partnership.  In support of this contention, MBLH supplies the Declaration of Thomas

20  Macey.  Macey is the sole shareholder and president of MBLH.  (Macey Decl. ¶ 2.)

21  Macey states that MBLH has conducted no business in California and no business

22  with LegalZoom.  (*Id.* ¶¶ 5–6.)  Moreover, MBLH argues that as a mere holding

23  company, Jacoby's contacts cannot be imputed to MBLH as a passive partner.

24      On the other hand, LegalZoom contradicts the Macey Declaration by supplying

25  Jacoby's Operating Agreement.  (Gaffney Decl. Ex. 1.)  The Operating Agreement

26  indicates that MBLH is not a passive partner of Jacoby.  Instead, the Operating

27  Agreement states that MBLH is the fifty-one percent majority owner and managing

28  partner of Jacoby, responsible for day-to-day operations.  (Ex. 1 at §§ 2.4(a), 2.5,

3.1(a).)  Moreover, according to the Operating Agreement, Macey is designated as the managing attorney for Jacoby.  (*Id.* at § 2.5.)  Cartner Gaffney, a Vice-President at LegalZoom, also states that Macey played a key role in negotiating the bankruptcy-lead contract.  (Gaffney Decl. ¶ 3.)  Since the Court must accept LegalZoom's version of facts as true and resolve factual conflicts in LegalZoom's favor, the Court relies heavily on the operating agreement to support a finding of personal jurisdiction.  *See Unocal Corp.*, 348 F.3d at 922.

Neither party disputes that Jacoby is a limited liability partnership organized under the laws of the District of Columbia.  (Macey Decl. ¶ 7; Gaffney Decl. Ex. 1.) And this Court has personal jurisdiction over Jacoby since Jacoby has answered the Complaint in this action.  (ECF No. 35.)  District of Columbia partnership law states that each partner is an agent of the partnership, and that the act of a partner in the ordinary course of partnership business is imputed to the partnership.  (D.C. Code § 29-603.1.)   Based on the Operating Agreement, MBLH is the managing partner of Jacoby and responsible for day-to-day operations.  (Gaffney Decl. Ex. 1 at §§ 2.4(a), 2.5.)   Since Jacoby had contacts with California—sufficient for personal jurisdiction—it follows that those contacts were necessarily facilitated, at least in part, by MBLH as managing partner.  While a partnership's contacts are not necessarily imputed to every partner for the purposes of personal jurisdiction, here the issue is not whether Jacoby's contacts are imputed to MBLH, but rather whether MBLH itself had contact with California.  MBLH's contact with California, as managing partner of Jacoby, is actually imputed to Jacoby.  The Court therefore finds that MBLH has purposefully availed itself of the benefits and protections of California.

**B.    Claim Arises Out of Forum-Based Activity**

Next, the Court considers whether LegalZoom's claims arise out of MBLH's forum-based activity.  The only contacts by MBLH alleged in the Complaint, and supported by LegalZoom's evidence in opposition to this Motion, are related to the contract for bankruptcy-case leads.  That contract was allegedly negotiated in

1    California and partially performed in California.  (Gaffney Decl. ¶ 3.)  LegalZoom's

2    claims are thus related to MBLH's forum-based activity as managing partner of

3    Jacoby.[2]

4    **C.    Fair Play and Substantial Justice**

5         Finally, the Court considers whether the exercise of personal jurisdiction over

6    MBLH comports with "fair play and substantial justice."  *Schwarzenegger*, 374 F.3d

7    at 802.   The Supreme Court has expounded several factors for a district court to

8    consider: (1) the burden on the defendant, (2) the forum state's interests, (3) the

9    plaintiff's interest in obtaining relief, (4) the interstate judicial system's interest in

10   obtaining the most efficient resolution of controversies, and (5) the several states'

11   shared interest in furthering fundamental substantive social policies.   *World-Wide*

12   *Volkswagen Corp. v. Woodsen*, 444 U.S. 286, 292 (1980).  But, since LegalZoom has

13   satisfied the first two prongs of specific jurisdiction, the burden shifts to MBLH "to

14   set forth a compelling case that the exercise of jurisdiction would not be reasonable.

15   *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1228 (9th Cir. 2011).  The

16   Court finds that MBLH has not met this burden, and the exercise of personal

17   jurisdiction over MBLH is reasonable.

18        MBLH's arguments with respect to this final prong of the jurisdictional analysis

19   are conclusory at best.   MBLH merely states that it could not have anticipated

20   defending itself in a California court, because of its complete lack of contact with the

21   state. (Mot. 6.)  MBLH does not address any of the Supreme Court's factors.  But the

22   Court finds that many of the factors weight in favor of exercising personal jurisdiction

23   over MBLH.   For example, there is a strong interest in adjudicating LegalZoom's

24   claims in California.  LegalZoom is a California citizen.  (Compl. ¶ 3.)  The contract

25   that is the subject of this litigation was allegedly negotiated and executed in

26

27   [2] According to LegalZoom, the lead contract was entered into with MBL.  (Compl. ¶¶ 14–20;
     Gaffney Decl. Ex. 2.)  MBL and Jacoby allegedly merged during the performance period of
28   the contract, with the contract being renewed at least once after the merger.  (Compl. ¶¶ 6–7; Gaffney
     Decl. Ex. 2.)

California.   (Gaffney Decl. ¶ 3.)   The contract was also partially performed in California.   (*Id.*)   While Illinois—where MBLH is incorporated—may be an alternative forum, the claims against the other two Defendants are proceeding in California and involve the same issues of fact and law.   Moreover, the close relationship between MBLH and the two other Defendants suggests that the burden on MBLH of litigating in California is not unreasonably high.

## V.   CONCLUSION

For the reasons discussed above, the Court finds the exercise of personal jurisdiction over MBLH appropriate.   Therefore, the Court **DENIES** Defendant MBLH's Motion to Dismiss for Lack of Personal Jurisdiction.  (ECF No. 37.)

**IT IS SO ORDERED.**

February 28, 2014

_____
OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE