**O**

# United States District Court
# Central District of California

| | |
|---|---|
| LEGALZOOM.COM, INC., | Case No. 2:13-cv-8620-ODW(MRWx) |
| Plaintiff, | |
| v. | **ORDER GRANTING IN PART AND** |
| MACEY BANKRUPTCY LAW, P.C.; | **DENYING IN PART PLAINTIFF'S** |
| MACEY BANKRUPTCY LAW | **MOTION FOR DEFAULT** |
| HOLDINGS, P.C.; JACOBY & MEYERS | **JUDGMENT [90]** |
| BANKRUPTCY, LLP; and DOES 1–10 | |
| inclusive, | |
| Defendants. | |

## I.    INTRODUCTION

Before the Court is Plaintiff LegalZoom.com, Inc.'s Motion for Default Judgment against all Defendants in this action. (ECF No. 90.) This Motion is distinct from the typical default-judgment motion in that all of the Defendants have answered or otherwise defended in this action. But since counsel for Defendants has withdrawn and Defendants—all business entities—remain unrepresented, the Court finds that default judgment is an appropriate remedy for LegalZoom, at least with respect to two Defendants. Accordingly, the Court **GRANTS IN PART** and **DENIES IN PART**

1  Plaintiff's Motion for Default Judgment.  The Court **DISMISSES** Defendant Macey
2  Bankruptcy Law Holdings, P.C. from this action for the reasons discussed below.

3  ## II.    FACTUAL BACKGROUND

4      LegalZoom initiated this action on November 21, 2013, against Defendants
5  Macey Bankruptcy Law, P.C. ("MBL"); Macey Bankruptcy Law Holdings, P.C.
6  ("MBLH"); and Jacoby & Meyers Bankruptcy, LLP ("Jacoby Bankruptcy").  (ECF
7  Nos. 1, 25.)  LegalZoom's claims are for breach of contract, open book account, and
8  account stated.

9      LegalZoom operates a website that, among other things, allows users to locate
10  attorneys in their area.  (Gaffney Decl. ¶ 2.)  LegalZoom alleges that on January 1,
11  2012 it entered into a contract with MBL to provide MBL with bankruptcy-related
12  leads.  (*Id.* at ¶ 3, Exs. A–B.)  In July 2012, MBL announced a merger with Jacoby &
13  Meyers[1]—a full-service law firm—to form Jacoby Bankruptcy.  (*Id.* at ¶ 4, Exs. C–D.)
14  MBL is allegedly a wholly owned subsidiary of MBLH and, as a result of the merger,
15  MBLH became majority owner and managing partner of Jacoby Bankruptcy.  (ECF
16  No. 65, Operating Agreement § 5.1(a).)

17      After the merger, LegalZoom contends that the principals of both MBL and
18  Jacoby Bankruptcy confirmed that the contract for bankruptcy-related leads would
19  continue on behalf of both MBL and Jacoby Bankruptcy.  (Gaffney Decl. ¶ 5, Ex. E.)
20  Based on this representation, LegalZoom alleges that it continued to provide leads to
21  Defendants—who held themselves out as jointly responsible for payment of the leads
22  after the merger.  (*Id.* at ¶¶ 5, 9.)  The contract sets out a payment structure per lead
23  supplied by LegalZoom.  (*Id.* at ¶ 6, Ex. A.)  Under the contract, LegalZoom was to
24  provide a monthly list of the leads supplied and an invoice based on those leads.  (*Id.*
25  at ¶ 8, Ex. A.)  After receipt of the monthly leads, Defendants had twenty days to
26  dispute or adjust the charges.  (*Id.*)  Once the parties reached an agreement on the
27  invoices, LegalZoom would issue a final invoice to be paid within thirty days.  (*Id.*)

28  
[1] Jacoby & Meyers is not to be confused with Defendant Jacoby Bankruptcy.

2

According to LegalZoom, the parties performed on the contract until July 2013. (*Id.* at ¶¶ 9–13.)   At issue in this lawsuit are the invoices for July, August, and September 2013. (*Id.*)  Defendants allegedly made adjustments to the July and August preliminary invoices, and never disputed the September invoice.  (*Id.* at ¶¶ 11–12.)  Final invoices were sent out for all three months, and remain unpaid.  (*Id.* at ¶¶ 12– 13.)  LegalZoom contends that, based on these invoices, it is entitled to $979,330 from Defendants.  (Compl. ¶ 19.)  Pursuant to the contract, LegalZoom's is also seeking $41,466.62 in pre-judgment interest through March 10, 2014.  (*See* Compl. ¶ 17; Mot. 16:12–17.)

Immediately after filing the Complaint, LegalZoom sought a writ of attachment against MBL and Jacoby Bankruptcy.  (ECF Nos. 9, 39.)  LegalZoom did not seek a writ of attachment against MBLH.  On December 18, 2013, the Magistrate Judge assigned to this action granted LegalZoom's request for a writ of attachment against MBL, finding that LegalZoom had established the probable validity of the breach-of-contract claim.  (ECF Nos. 42, 43.)  The Magistrate Judge denied the writ against Jacoby Bankruptcy without prejudice, granting LegalZoom's request to conduct limited discovery on the relationship between MBL and Jacoby Bankruptcy.  (*Id.*)  MBL filed objections to the Magistrate Judge's ruling in this Court pursuant to Federal Rule of Civil Procedure 72(a), which this Court overruled on December 20, 2013.  (ECF No. 56.)

On December 13, 2013, while the writ of attachment was being considered, MBL and Jacoby Bankruptcy also answered the Complaint.  (ECF Nos. 35, 36.)  An Amended Answer and Counterclaim was subsequently filed by MBL on December 27, 2013.  (ECF No. 55.)  Instead of answering the Complaint, MBLH filed a Motion to Dismiss for Lack of Personal Jurisdiction, which this Court ultimately denied. (ECF Nos. 37, 91.)

On January 29, 2014, after a hearing, the Court granted a Motion to Withdraw from counsel representing all three Defendants.  (ECF No. 85.)  The Court ordered

counsel to provide written notice to the Defendants as well as an assignee that was named at the hearing.  The notice informed Defendants that they had three weeks to retain new counsel, or face default judgment.  (ECF No. 86.)  Defendants have not retained new counsel, and the instant Motion for Default Judgment was filed on February 26, 2014.  (ECF No. 90.)  A hearing on the Motion was held on March 10, 2014.  Defendants did not appear.

### III.   LEGAL STANDARD

Federal Rule of Civil Procedure 55(b) authorizes a district court to grant default judgment.  Typically, default judgment is entered after the Clerk of Court has entered default under Rule 55(a).  But district courts also have the authority to declare a default as a sanction.  *See, e.g.*, *Adriana Intern. Corp. v. Thoeren*, 913 F.2d 1406, 1412 (9th Cir. 1990); *Dreith v. NuImage, Inc.*, 648 F.3d 779, 788 (9th Cir. 2011).  Before doing so, however, a court must consider the following five factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the other party; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions.  *Adriana Intern. Corp.*, 913 F.2d at 1412.

Once default is entered, a district court has discretion whether to enter default judgment.  *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).  The defendant's liability generally is conclusively established upon default and the well-pleaded factual allegations in the complaint are accepted as true.  *Televideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-19 (9th Cir. 1987) (per curiam) (citing *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977)).  But in exercising its discretion, a court must consider several factors: (1) the possibility of prejudice to plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake; (5) the possibility of dispute concerning material facts; (6) whether the defendants default was due to excusable neglect; and (7) the strong policy / / /

4

underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

## IV.   DISCUSSION

In the Motion, LegalZoom seeks entry of default judgment against all three Defendants based on their lack of legal representation at this juncture in the case.  It is well-settled law that business entities—such as Defendants[2]—may only appear in federal courts through licensed counsel.  *Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201–02 (1993); *U.S. v. High Country Broad. Co.*, 3 F.3d 1244, 1245 (9th Cir. 1993).  Thus, since Defendants are without representation, this case is at a standstill.  For the reasons discussed below, the Court **GRANTS** LegalZoom's Motion for Default Judgment against MBL and Jacoby Bankruptcy. The Court **DENIES** the Motion with respect to MBLH, and **DISMISSES** MBLH from this action.

### A.   Default Judgment Against MBL and Jacoby Bankruptcy

The Court first addresses the instant Motion with respect to MBL and Jacoby Bankruptcy.  Both of these Defendants have answered the Complaint and MBL has also filed a counterclaim.

#### 1.  Striking the Answers and Entering Default

In order to grant LegalZoom's requested relief in the Motion, the Court must first strike the answer and counterclaim filed by MBL and strike the answer filed by Jacoby Bankruptcy.  The Court may then enter default.  *Cf. Eitel*, 782 F.2d at 1471 (recognizing that Rule 55 is a two-step process requiring entry of default before default judgment); *TeleVideo Sys.*, 826 F.2d at 916 (finding that a court's inherent equitable powers permit striking an answer and entering default judgment).  Entry of default after a party has appeared in an action operates as a sanction and the Court must weigh the five factors discussed above.  *Adriana Intern. Corp.*, 913 F.2d at 1412.

---

[2] MBL and MBLH are both professional corporations.  (ECF Nos. 36, 37.)  Jacoby Bankruptcy is a limited liability partnership.  (ECF No. 35.)

Here, the Court finds that the public interest in expeditious resolution of litigation and the Court's need to manage its docket weigh heavily in favor of entry of default.  This case cannot move forward without Defendants obtaining new counsel, and Defendants have been given ample time to find counsel.  Not only did their former counsel advise them repeatedly of the representation requirement before seeking to withdraw (ECF No. 73), but this Court afforded Defendants additional time before allowing LegalZoom to file the instant Motion.  The Court also finds Defendants' failure to obtain new counsel has prejudiced LegalZoom by not only delaying this litigation, but making it impossible for LegalZoom to obtain a decision on the merits.  Less drastic sanctions are simply not available.  While the public policy favoring disposition of the case on its merits will always cut against entry of default, the four other factors strongly support entry of default in this case.

In most cases, this drastic measure is taken as a sanction for serious and repeated discovery violations under Rule 37.  *See, e.g.*, *Adriana Intern.*, 913 F.2d at 1412–14; *Dreith*, 648 F.3d at 788.  But at least one Ninth Circuit opinion has held that striking an answer and entering default judgment is appropriate against a defendant who failed to retain counsel after answering the complaint.  *See High Country Broad.*, 3 F.3d at 1245.  Thus, the Court finds that striking MBL and Jacoby Bankruptcy's answers and entering default is an appropriate sanction for their failure to retain new counsel.

**2.  Default Judgment**

While the Court finds that default judgment is "perfectly appropriate" in this case, *High Country Broad.*, 3 F.3d at 1245, the Court briefly addresses the *Eitel* factors with respect to MBL and Jacoby Bankruptcy.

The first factor, the possibility of prejudice to LegalZoom, has already been discussed.  Without a default judgment, LegalZoom cannot obtain relief because Defendants' failure to obtain new counsel has brought this case to a halt.

/ / /

The second and third *Eitel* factors—the merits of plaintiff's claims and the sufficiency of the complaint—also favor default judgment.  The Magistrate Judge's decision to issue a writ of attachment against MBL, and this Court's review of that decision, already demonstrate that LegalZoom's claims against MBL were likely to succeed.  As to Jacoby Bankruptcy, while the Magistrate Judge denied the writ, additional discovery was conducted and LegalZoom has presented the Court with evidence—the Operating Agreement and the statements of LegalZoom Vice-President Carter Gaffney—to support the claims against Jacoby Bankruptcy as well.  This additional evidence supports LegalZoom's contention that Jacoby Bankruptcy assumed responsibility under the lead contract.

The Court acknowledges that the sum of money at stake is significant in this action—totaling more than one million dollars—but the amount is consistent with the terms of the contract.  As to the possibility of dispute concerning material facts, Defendants' earlier appearances in the action suggest that a dispute may have existed.  But Defendants' absence in this case now swings the pendulum back toward entry of default judgment.  Moreover, in opposing the writ of attachment, the Court found very little substance in MBL's defense of the claims.  This suggests—with respect to MBL at least—that a viable defense may not exist.

The sixth *Eitel* factor—whether Defendants' default was due to excusable neglect—clearly favors LegalZoom in this Motion.  Defendants were given ample opportunity to obtain new counsel and have received notice of this Court's intention to enter default judgment.  Defendants have been radio silent.

As to the final *Eitel* factor—the public policy favoring decisions on the merits—the Court notes again that this factor weighs against default judgment.  But with no other options available to LegalZoom to pursue its claims, the Court finds that default judgment is the appropriate form of relief with respect to MBL and Jacoby Bankruptcy.

/ / /

**B.      Default Judgment Against MBLH**

More problematic to the Court is entry of default judgment against MBLH. While MBLH has defended this action by filing a Motion to Dismiss for Lack of Personal Jurisdiction, MBLH is now without counsel—just like the other two Defendants.  Although the reasoning for entering default as a sanction applies equally to MBLH, entry of default judgment is a matter within a district court's discretion. *Aldabe*, 616 F.2d at 1092.   The Court finds that the Complaint and subsequent evidence supplied by LegalZoom is insufficient to establish MBLH's joint and several liability under the contract.

LegalZoom has asserted that MBLH wholly owned MBL and is the managing partner and majority owner of Jacoby Bankrutpcy.  But LegalZoom's allegations fail to establish MBLH's individual liability with respect to the contract.  LegalZoom has not alleged that MBLH was a signatory to the contract or assumed responsibility under the contract after the merger that created Jacoby Bankruptcy.  The Complaint makes general allegations of a "unity of ownership and interest," but subsequent filings have further explained the relationship.   (*See* ECF No. 65, Operating Agreement.)   The mere fact that MBLH wholly owned MBL does not alone create liability for MBL's contracts.  *See U.S. v. Bestfoods*, 524 U.S. 1, 61 (1998) ("It is a general principle of corporate law deeply 'ingrained in our economic and legal systems' that a parent corporation . . . is not liable for the acts of its subsidiaries.")  In terms of MBLH's relationship to Jacoby Bankruptcy, Jacoby Bankruptcy is apparently a limited liability partnership under the laws of the District of Columbia.  (*See* ECF No. 65, Operating Agreement.)   Partners are not individually liable—separate and apart from their liabilities under the partnership agreement—for the actions of the partnership.  *See* D.C. Code § 29-704.04(c) ("A debt, obligation, or other liability of a limited partnership incurred while the limited partnership is a limited partnership, whether arising in contract, tort, or otherwise . . . is solely an obligation of the limited

partnership.  A general partner shall not be personally liable . . . solely by reason of being or acting as a general partner.").

For these reasons, the Court finds that overall the *Eitel* factors weigh against default judgment with respect to MBLH.  The Court, therefore, **DENIES** the Motion for Default Judgment against MBLH and **DISMISSES** MBLH from this action.

## V.   CONCLUSION

For the reasons discussed above, the Court **STRIKES** MBL's Amended Answer and Counterclaim and Jacoby Bankruptcy's Answer (ECF Nos. 35, 55).  The pending Motion to Dismiss Counterclaim filed by LegalZoom is **DENIED AS MOOT**.  (ECF No. 70.)

The Court **GRANTS IN PART** and **DENIES IN PART** LegalZoom's Motion for Default Judgment.  (ECF No. 90.)  Default Judgment is hereby entered against Defendants MBL and Jacoby Bankruptcy, joint and severally, in the total amount of $1,020,796.62.  Defendant MBLH is **DISMISSED** from this action.  A separate judgment will issue.

**IT IS SO ORDERED.**

March 12, 2014

_____

**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**